UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| AMERICAN BIOPHYSICS CORP. | : | |
| | : | |
| V. | : | C.A. No. 06-_________ |
| | : | |
| FRANK DIRICO | : | |

CA 06 432S

**COMPLAINT**

PARTIES

1. Plaintiff American Biophysics Corp. ("ABC") is a Delaware corporation with its principal place of business in North Kingstown, Rhode Island.

2. Upon information and belief, Defendant Frank DiRico ("DiRico") is a resident of Key Largo, Florida. DiRico has sufficient contacts with Rhode Island to be subject to the jurisdiction of this Court.

JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

FACTS COMMON TO ALL COUNTS

5. ABC is a manufacturer of insect mitigation systems with customers throughout the world.

6. On or about April 1, 2000, ABC and DiRico executed a Non-Exclusive Distributorship Agreement ("Agreement"), which prescribed the terms and conditions under which DiRico acted as a distributor of ABC's products. A true and accurate copy of the Agreement is attached at Exhibit A.

7. Pursuant to the Agreement, ABC granted DiRico a non-exclusive right to purchase, inventory, promote and resell ABC's products in the greater Miami, Florida area and the Florida Keys. Section 12(b) of the Agreement obligated DiRico to promptly pay ABC all amounts due for the purchase of ABC products.

8. Pursuant to Section 13 of the Agreement, DiRico was prohibited from using the name "Mosquito Magnet®," "BioTrap" or any other trade name owned by ABC as part of its corporate or business name in any way.

9. Pursuant to Section 17 of the Agreement, on termination of the Agreement, DiRico was obligated to remove and cease from using any sign containing any trade name, logo or trademark owned by ABC and was required to destroy all advertising matter in his possession containing any of ABC's trade names, logos or trademarks.

10. DiRico operates and maintains a website to sell, promote and advertise ABC's products under a business entity named "Mosquito Magnet Depot." A true and accurate printout of DiRico's website is attached as Exhibit B. DiRico's website copies, almost verbatim, information contained on ABC's website and uses trademarks, logos and trade names owned by ABC. A true and accurate printout of ABC's website is attached as Exhibit C. ABC has never authorized DiRico to use its trade names or any information posted on ABC's website.

11. Despite several demands by ABC, DiRico has repeatedly failed to pay ABC for products ordered and received pursuant to the Agreement. DiRico's indebtedness to ABC under unpaid invoices totals $335,935.66. True and accurate copies of the unpaid invoices are attached at Exhibit D.

12. ABC repeatedly demanded that DiRico cure its material breaches of the Agreement but DiRico failed to do so.

13. As a result of DiRico's material breaches, the Agreement between the parties has been effectively terminated pursuant to Section 15 of the Agreement.

COUNT I
(Breach of Contract)

14. ABC realleges and incorporates herein its allegations in paragraphs 1 - 13.

15. ABC sold and delivered products to DiRico in compliance with the Agreement and otherwise complied with the Agreement.

16. DiRico breached the Agreement by failing to pay invoices totaling $335,935.66.

17. DiRico breached the Agreement by his continued use of trademarks, logos and trade names owned by ABC in violation of Sections 13 and 17 of the Agreement.

18. ABC has suffered damages as a result of DiRico's contractual breaches.

WHEREFORE, ABC demands judgment against DiRico in the amount sufficient to compensate ABC for its damages, including but not limited to the payment of the outstanding invoices totaling $335,935.66, plus interest, costs, and reasonable attorneys' fees pursuant to R.I. Gen. Laws § 9-1-45.

COUNT II
(Book Account)

19. ABC realleges and incorporates herein its allegations in paragraphs 1 - 18.

20. DiRico is indebted to ABC on book account in the amount of $335,935.66 for goods that were sold and delivered.

WHEREFORE, ABC demands judgment against DiRico in the amount of $335,935.66, plus interest, costs, and reasonable attorneys' fees pursuant to R.I. Gen. Laws § 9-1-45.

COUNT III
(Quantum Meruit and Unjust Enrichment)

21. Plaintiff realleges and incorporates herein its allegations in paragraphs 1 - 20 above.

22. Under the circumstances, as set forth above, it would be inequitable for DiRico to retain the benefit of ABC's products without payment of the value thereof in the principal amount of $335,935.66.

23. Therefore, DiRico owes ABC $335,935.66 under Quantum Meruit and Unjust Enrichment theories.

WHEREFORE, ABC demands judgment against DiRico in the amount sufficient to compensate ABC for its damages, including but not limited to the payment of the outstanding invoices totaling $335,935.66, plus interest, costs, and reasonable attorneys' fees pursuant to R.I. Gen. Laws § 9-1-45.

COUNT IV
(Copyright and Trademark Infringement)

24. Plaintiff realleges and incorporates herein its allegations in paragraphs 1 - 23 above.

25. ABC owns and has the exclusive right to use the "Mosquito Magnet®," "Mosquito Magnet® Defender," "Mosquito Magnet® Liberty," "Mosquito Magnet® Liberty Plus," "Mosquito Magnet® Pro Commercial," "Mosquito Magnet® Pro Solar," "Mosquito Magnet® Pro Solar Plus" and "American Biophysics®" trade names.

26. ABC has published the information contained on its website in strict compliance with the provisions of the Copyright Act, and the material depicted therein has been manufactured and distributed under ABC's exclusive authority and control.

27. ABC has always been, and remains, the sole proprietor of all rights, title, and interest in and to the copyrighted material published on its website.

28. The information, trademarks, logos and trade names posted on DiRico's website is sufficiently similar to that contained on ABC's website so that there is a substantial likelihood of confusion among purchasers as to the manufacturer of ABC's insect mitigation products.

29. ABC has never entered into any licensing agreement with DiRico permitting the use of information posted on ABC's website or trademarks, logos and trade names owned by ABC or otherwise authorized DiRico to use ABC marks and copyright materials.

30. DiRico continues to use information copyrighted by ABC as well as trademarks, logos and trade names owned by ABC in violation of trademark and copyright law.

31. ABC has been and continues to be damaged by DiRico's activities and conduct. DiRico has profited thereby and unless his conduct is enjoined, ABC's copyrights, trademarks, and goodwill will continue to suffer irreparable injury which cannot adequately be calculated or compensated by money damages. Accordingly, ABC seeks preliminary and permanent injunctive relief pursuant to 17 U.S.C. §502.

WHEREFORE, ABC requests that the Court:

(1) Preliminarily and permanently enjoin DiRico from distributing, using, or benefiting from the use of copyright information and trademarks, logos and trade names owned by ABC;

(2) Preliminarily and permanently enjoin DiRico from use and operation of its website which continues to infringe on copyright information and trademarks, logos and trade names owned by ABC;

(3) Enter judgment in ABC's favor on each of the counts asserted herein and award ABC damages in an amount to be determined at trial, doubled and trebled where appropriate;

(4) Award ABC the costs incurred in bringing this action, including its reasonable attorney's fees;

(5) Award ABC exemplary and punitive damages where appropriate and permissible; and

(6) Award ABC such further relief as it deems just, proper, and equitable.

Plaintiff,
AMERICAN BIOPHYSICS CORP.,
By its Attorney,

Jeffrey S. Brenner (#4369)
Nixon Peabody LLP
One Citizens Plaza
Providence, RI 02903
Tel: (401) 454-1000
Fax: (401) 454-1030
jbrenner@nixonpeabody.com

Dated: October 2, 2006